# In the United States Court of Federal Claims

No. 10-635C

(Filed: January 7, 2011)

************************************* *
                                      *
JAMES M. LINICK,                      *
                                      *   Patent Claim for Just Compensation
                  Plaintiff,          *   Caused by Agency's Secrecy Order;
                                      *   35 U.S.C. §§ 181, 183; Claimant's
v.                                    *   Required Administrative Steps
                                      *   Before Seeking Judicial Relief;
THE UNITED STATES,                    *   Remand.
                                      *
                  Defendant.          *
                                      *
************************************* *

*Thomas J. Scott, Jr.*, Goodwin Procter LLP, Washington D.C., for Plaintiff.

*Gary L. Hausken*, with whom were *Tony West*, Assistant Attorney General, and *John Fargo*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

Plaintiff James Linick is a semi-retired professional engineer who holds multiple United States patents relating to munitions technologies.[1] Mr. Linick developed an improvement to his Trajectory Correctable Munitions technology and filed patent application serial number 10/071,215 on February 11, 2002. Pursuant to 35 U.S.C. § 181, the U.S. Patent and Trademark Office ("USPTO") issued a secrecy order on August 14, 2002 covering Mr. Linick's patent application. The U.S. Army Armament Research Development and Engineering Command ("ARDEC") sponsored the secrecy order. On December 11, 2007, the USPTO issued a Notice of Allowability on Mr.

---

[1] The facts underlying Defendant's motion are taken from Plaintiff's complaint, and are presumed to be undisputed. Counsel for the parties provided copies of relevant documents to the Court as exhibits with Defendant's motion and Plaintiff's response.

Linick's patent application, but indicated that the patent still would be withheld pursuant to the secrecy order so long as national interests required.

On March 12, 2008, pursuant to 35 U.S.C. § 183, Mr. Linick submitted an application for compensation to the Honorable Pete Geren, Secretary of the Army, and to Benjamin S. Griffin, Commanding General of the Army Material Command.  Nearly two years later, on February 22, 2010, counsel for Mr. Linick filed a Rule 27 Verified Petition in this Court to preserve Mr. Linick's testimony due to his failing health.  The Court docketed this petition as <u>Linick v. United States</u>, No. 10-118M, and counsel for the parties took Mr. Linick's sworn deposition testimony in Washington, D.C. on April 21-22, 2010.  Despite Mr. Linick's periodic requests to the Army for a final disposition on his application for compensation, to date Mr. Linick has not received any substantive response from the Army.

Mr. Linick commenced this action on September 22, 2010, pursuant to 35 U.S.C. § 183, seeking just compensation for the harm caused by the USPTO's secrecy order.  Currently before the Court is Defendant's November 22, 2010 motion to dismiss Mr. Linick's complaint under Rule 12.  Defendant contends that the Court lacks jurisdiction under 35 U.S.C. § 183 because Mr. Linick did not state a sum certain in his application for compensation, and because the Army has not yet issued a final disposition on this claim.  Counsel for Mr. Linick opposed Defendant's motion in a December 9, 2010 response, and Defendant filed a reply on December 20, 2010.  The Court deems oral argument unnecessary.

Upon careful review, neither of Defendant's asserted jurisdictional requirements is contained in 35 U.S.C. § 183, and the Court declines to add language to the statute where Congress has not.  For the reasons stated below, the Court finds that Mr. Linick has complied with the stated requirements of Section 183, and that the Army has failed to act on Mr. Linick's application for compensation in a timely manner.  The Army's inaction has left Mr. Linick with no choice but to file the instant lawsuit for the just compensation he seeks.  Defendant's motion to dismiss therefore is denied.

The Court also concludes that it would be useful to have the Army's recommended disposition on Mr. Linick's application for compensation before proceeding further with this lawsuit.  Accordingly, pursuant to Rule 52.2, the Court remands this case to the Army for a period of 60 days to obtain a disposition on Mr. Linick's claim.  The Army, through Defendant's counsel, shall furnish its proposed disposition to the Court on or before March 8, 2011.

DISCUSSION

A. <u>There is no "Sum Certain" Requirement in 35 U.S.C. § 183.</u>

The statute at 35 U.S.C. § 183 contains a comprehensive scheme for providing just compensation to applicants from the issuance of a secrecy order under 35 U.S.C. § 181. The text of Section 183 provides that:

> An applicant . . . whose patent is withheld . . . shall have the right . . . to apply to the head of any department or agency who caused the order to be issued for compensation for the damage caused by the order of secrecy . . . . The head of the department or agency is authorized, upon the presentation of a claim, to enter into an agreement with the applicant . . . in full settlement for the damage and/or use.

35 U.S.C. § 183 (2006). Although Section 183 does not define the term "claim" or describe the details of how a claimant should apply for compensation, Defendant argues that Section 183 requires Mr. Linick to present a claim with a "sum certain" to pursue the prescribed remedy. Defendant relies upon two sources for this argument: (1) the holding in <u>Constant v. United States</u>, 16 Cl. Ct. 629 (1989); and (2) the interpretation of similar statutes such as the Contract Disputes Act, 41 U.S.C. § 601, *et seq.* ("CDA"), and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"). The Court finds Defendant's arguments unconvincing.

The <u>Constant</u> case is easily distinguishable and does not support Defendant's position. The plaintiff in <u>Constant</u> submitted a "claim" to the Navy consisting of a single sentence: "I will appreciate having your settlement as soon as possible." 16 Cl. Ct. at 633. The Navy advised Mr. Constant that it would be unable to docket Mr. Constant's claim without additional support, and asked him to provide sufficient information for the Navy to process the application. <u>Id.</u> at 630. Mr. Constant refused to cooperate with the Navy despite a court order directing him to do so. <u>Id.</u> at 631. The Court concluded that Mr. Constant's "request for a settlement, without more, does not constitute the submission of a claim to the Navy." <u>Id.</u> at 635.

The Court found in <u>Constant</u> that a claim had not been presented for a variety of reasons. In a footnote, the Court observed that Mr. Constant never submitted a compensation figure and "refused to provide information to the Navy as requested and thus the Navy was in no position to make an offer." <u>Id.</u> at 636 n.7. <u>Constant</u> does not stand for the proposition that the lack of a "sum certain" in the initial application for compensation presents an absolute bar to the administrative remedy provided by Section 183. Instead, the holding in <u>Constant</u> suggests that a plaintiff must act in good faith to allow the agency to understand the damages incurred by the claimant. <u>Id.</u> at 636 ("Section 183 contemplates the submission of a claim by plaintiff in good faith to the

3

administrative agency. The agency cannot act in a vacuum. . . . A good-faith effort is the submission of a claim for specific damages and a showing of some sort of a relationship between the damages claimed and the secrecy order.").

In contrast to the claimant in Constant, Mr. Linick has acted in good faith. Mr. Linick alleged specific damages caused by the agency's actions, and showed a relationship between the secrecy order and the damages claimed. Whereas the Navy in Constant was unable to docket Mr. Constant's claim without further information, here the Army docketed the claim and informed Mr. Linick that his "application for compensation has been docketed as an administrative claim." (Def.'s Mot. to Dismiss A86.) Unlike Mr. Constant's claim which consisted of one sentence, Mr. Linick provided the Army with a 14-page application for compensation, including three appendices. While Mr. Constant refused to cooperate or provide additional information, even when ordered by the Court to do so, Mr. Linick has offered the Army his full cooperation, and has periodically inquired whether the Army needed any additional information. Finally, the Navy in Constant repeatedly informed the plaintiff that it could not process his application without further information, however, in this case, the Army has never stated to Mr. Linick that it needed more information to move forward with his claim.[2]

Defendant's comparisons to the CDA and the FTCA are equally unavailing. The Court finds those statutes wholly irrelevant to the inquiry at hand. Section 183 is unique and exhibits many differences from more standard administrative review statutes like the CDA or the FTCA. As the Southern District of New York explained in Farrand Optical:

> § 183 does not provide for an administrative determination of a claim in the sense in which administrative determination is customarily employed. The statute does not provide for an administrative hearing, or for a formal decision, or for findings of fact, all of which are customarily present in an administrative determination of the matter. Nor would a determination, to the extent that it was made by the Department of Defense, be of any binding or evidentiary effect, under the statute, in any court proceeding. The statute merely offers an opportunity for a possible settlement to be made between the claimant and the governmental department or agency . . . .

Farrand Optical Co., Inc. v. United States, 133 F. Supp. 555, 558 (S.D.N.Y. 1955).

---

[2] One letter from the Army on December 28, 2008 states "[i]t is our understanding that the standard for damages must be beyond the speculative nature described generally in your communication to be awarded." (Def.'s Mot. to Dismiss A98.) However, this ambiguous statement does not rise to the level of informing Mr. Linick that he is required to supply the Army with more information for his claim to be processed. There is no evidence here of the agency's repeated and direct requests for more information as existed in Constant.

The Court also looks to the plain language of Section 183, which Defendant admits is devoid of any mention of the term "sum certain."  Section 183 provides that an applicant "shall have the right . . . to apply . . . for compensation for the damage caused . . . ."  Unlike the CDA or the FTCA, which focus on the term "claim," Section 183 frequently uses the word "compensation."  Whereas the contract or tort claim payments of the CDA and the FTCA compensate the claimant for a specific loss, Section 183 allows for the negotiation of a fair settlement of just compensation for a more nebulous damage.  All of these factors persuade the Court that, contrary to Defendant's assertions, 35 U.S.C. § 183 is a unique statute.  The terms of the CDA and the FTCA, and the related case law, cannot be used to insert unstated requirements into Section 183.

The Court finds that a "claim" for purposes of Section 183 is that which is sufficient to allow the parties to engage in meaningful settlement negotiations.  See Constant, 16 Cl. Ct. at 636; Robinson v. United States, 236 F.2d 24, 27-28 (2nd Cir. 1956).  Mr. Linick submitted to the Army a 14-page application for compensation that contained ample information to understand Mr. Linick's claim and to begin a settlement process.  If the Army needed more information from Mr. Linick, it should have asked for it.

Finally, the Court sees no basis for Defendant's assertion that Mr. Linick attempted to conceal a compensation figure by seeking a licensing agreement instead.  If anything, such an alternate proposal only bolsters support for Mr. Linick's attempts to enter into meaningful settlement negotiations under Section 183.  Therefore, the Court finds that Mr. Linick's application for compensation more than satisfies the jurisdictional requirements of Section 183.

### B. Mr. Linick has Complied with Section 183's Administrative Remedy Requirements.

The Court next turns to Defendant's contention that Section 183 requires a final agency determination before this Court has jurisdiction, and that Mr. Linick has failed to exhaust his administrative remedy.  Again, the Court finds that Defendant is attempting to add statutory requirements where Congress has abstained.

Section 183 provides that "[a] claimant may bring suit against the United States in the United States Court of Federal Claims . . . for an amount which when added to the award shall constitute just compensation for the damage and/or use of the invention by the Government."  Nothing in Section 183 affirmatively requires a plaintiff to wait for a final agency decision or award prior to seeking a judicial remedy.[3]  Indeed, the only

---

[3] Although as explained above, the Court does not find the FTCA or the CDA relevant to the case at hand, the Court does note that the FTCA and the CDA stand in stark contrast to Section 183.  For example, the FTCA provides: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or

temporal language in Section 183 to suggest that a claimant must pursue an administrative remedy before filing an action in this Court is found in the description of how much compensation the claimant may seek.  The remedy in this Court under Section 183 is an amount that, when added to the administrative award, equals just compensation.  This language suggests that a claimant must first pursue a settlement with the agency.  See Constant, 16 Cl. Ct. at 635.  However, should a settlement be unsuccessful after good faith efforts, the Court finds nothing in Section 183 that precludes jurisdiction until the agency issues a final decision.

Defendant argues that Mr. Linick has failed to exhaust his administrative remedy as required by Constant.  However, the Court in Constant noted that exhaustion is required "because plaintiff may vindicate his rights at the administrative level, thus making court intervention unnecessary."  16 Cl. Ct. at 635.  Here, the agency has failed for nearly three years to make any determination on Mr. Linick's claim.  As the Court suggested in Constant, it takes two parties to make a settlement as contemplated by the administrative remedy in Section 183.  Id. at 633.  Because it is the agency that has refused to act on the claim, the Court finds that Mr. Linick has exhausted his administrative remedy and that jurisdiction in this Court is proper.  It would defy logic to hold that an agency could block any judicial review simply by refusing to act upon an administrative claim.

In this regard, the Court finds the discussion in Robinson particularly illuminating.  In that case, the Second Circuit concluded that Section 183 "does not purport to state a jurisdictional requirement that an award in some amount must first be made." Robinson, 236 F.2d at 27.  The Court continued:

> [Section 183] merely requires that the appropriate department must have been given an opportunity to act on the application, and defines the measure of recovery in the Court of Claims or in the District Court.  If the agency head determines that the secrecy order has resulted in no damage, or if for some other reason he declines to make a settlement, then the award is zero and the patentee may recover under this section the full compensation which the court determines to be just.
>
> Furthermore a holding that claimants like Robinson are barred from the District Court if they first apply to a government department which awards them nothing would defeat an important and salutary purpose of the statute which is to encourage applications to the departments concerned so that

---

wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a) (2006).

>matters might there be settled or payments made on account where the amount of damages is not agreed upon. Were we to affirm there would be little incentive for an applicant to apply to the appropriate agency and run the risk that his application would deprive him of access to the courts.

Id. at 27-28. This holding is consistent with Farrand Optical, where the Court concluded that "[t]o hold . . . that no claimant could bring a suit for additional compensation until some award had been made to him by the department or agency of the government to which the claim was made, would give that department or agency an opportunity to deny a claimant his day in Court." 133 F. Supp. at 559.

Defendant notes that Section 183 places no time limit on the agency to act. (Def.'s Mot. to Dismiss 15.) However, the Court is equally mindful that Section 183 places no time limit on how long a claimant must wait for the agency to act. Few judicial decisions have addressed this issue, but a common theme appearing in the case law is a standard of reasonableness. In Farrand Optical, the claimant filed his judicial action after more than five years of failed negotiations with the agency. 133 F. Supp. at 557. The Government argued that, because a final settlement had not been reached, the Court lacked jurisdiction and the case should be dismissed. Id. The Court in Farrand Optical denied the Government's motion to dismiss. Id. at 560.

In another case, the claimant waited nine months before filing a judicial action. Stein v. United States, 41 F. Supp. 2d. 68 (D. Mass. 1999). The Court found it plausible that the Army simply had insufficient time to assess the claim, and ruled that the claimant had failed to exhaust his administrative remedy. The Court in Stein distinguished the facts of that case from Farrand Optical, noting that the defendant only had a fraction of the time to adjudicate the claim and "[m]oreover, given the vast number of government uses alleged in Stein's complaint, nine months [was] hardly an unreasonable amount of time for the Army to investigate the claim." Id at 70.

The question here is whether the Army has had a reasonable amount of time to act on Mr. Linick's claim, and whether Mr. Linick can be said to have exhausted his administrative remedy. Both Farrand Optical and Stein provide guidance in answering this question and both rulings dictate the same answer. The Court finds the facts of Farrand Optical to be more analogous to this case, and the facts of Stein to be easily distinguishable. In Stein, the defendant had only nine months to investigate and respond to the claim, but even more important for the decision at hand, the Court there found the time period to be reasonable given the vast number of uses of the patent by the Government. In contrast, here, Defendant has never argued that the Army needs more time to process the claim. Indeed, it offers no explanation for the unreasonable delay. Unlike in Stein, the Army has not been using Mr. Linick's invention, and therefore it would not need to investigate "the vast number of uses" to determine a reasonable compensation figure. Therefore, the Court finds the nearly three years that have elapsed

7

without any meaningful action by the Army on Mr. Linick's claim to be unreasonable. Mr. Linick has exhausted his administrative remedy sufficient for jurisdiction to lie in this Court.

Section 183 provides an administrative remedy to allow a claimant to receive the compensation he seeks without requiring the intervention of the judicial system. The administrative remedy is intended to assist the claimant – not to hinder his application. If the Army has a reasonable explanation for why it cannot timely respond, or if it encounters an obstinate claimant who refuses to cooperate in good faith, then the courts have found judicial review to be improper. However, where it is the government agency that has failed to act in a timely fashion and without explanation, it is evident that Section 183 provides a claimant the opportunity to seek judicial redress.

## CONCLUSION

Mr. Linick has complied with the requirements of 35 U.S.C. § 183 to avail himself of this Court's jurisdiction over his application for just compensation. Defendant's motion to dismiss therefore is DENIED. The case is REMANDED to the United States Army pursuant to Rule 52.2 for a period of 60 days. During the remand period, the parties are encouraged to engage in the process contemplated by Section 183. The Army, through Defendant's counsel, shall furnish its proposed disposition to the Court on or before March 8, 2011.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge